FILED
SUPERIOR COURT
OF GUAM

2022 SEP 22 PM 5: 25

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JOHNDEL INTERNATIONAL, INC. dba JMI-EDISON,<br><br>Plaintiff,<br><br>vs.<br><br>OFFICE OF PUBLIC ACCOUNTABILITY, GUAM INTERNATIONAL AIRPORT AUTHORITY, and Aircraft Services International, Inc., dba MENZIES AVIATION,<br><br>Defendants. | Superior Court Case No. <u>CV0095-22</u><br><br>**DECISION AND ORDER DENYING GUAM INTERNATIONAL AIRPORT AUTHORITY'S MOTION TO DISMISS** |

In this action seeking review of the Office of Public Accountability's (OPA) dismissal of a procurement appeal, the Court considers whether to dismiss Johndel International, Incorporated dba JMI-Edison's (JMI) Verified Complaint due to untimeliness, lack of administrative exhaustion, or unripeness. The Court also reviews whether JMI failed to state a claim for relief on its claim of an incomplete procurement record. Having reviewed the parties' briefs and heard evidence on the issue of timeliness, the Court determines that JMI filed a timely protest and has exhausted the necessary administrative remedies, making the matter ripe for review. In addition, JMI has stated a sufficient claim for relief regarding the OPA's review over the procurement record. Therefore, the Court DENIES the Motion to Dismiss submitted by the procuring agency, the Guam International Airport Authority (GIAA).

## I.   FACTUAL FINDINGS

The Court makes the following findings following an evidentiary hearing in which it reviewed stipulated exhibits and heard testimony from JMI's President, Ed Ilao, and Maria Perez and Ciriaco Sanchez of the Contractor's License Board (CLB). The Court makes these findings by a preponderance of the evidence. The Court also takes judicial notice of the administrative record before the OPA.

1. JMI submitted a proposal for RFP05-FY21, which sought management and support services for GIAA's baggage conveyance system.

2. GIAA's Request for Proposals contains language that the successful offeror must be licensed to conduct business in Guam. Ex. A-058.

3. During an August 26, 2021 Board meeting, GIAA announced that Aircraft Service International, Inc. dba Menzies Aviation (Menzies) won the bid competition. Ilao attended that meeting. Test. Ed Ilao.

4. On August 31, Ilao read a letter dated August 30, 2021, from GIAA. The letter stated that JMI was not the best-qualified offeror. Ex. B. It is unclear whether JMI received the letter on August 30 or 31. Test. Ed Ilao.

5. Also on August 31, JMI's attorney submitted to GIAA a request for the procurement record under the Guam Sunshine Act, 5 GCA § 10101. Ex. C.

6. By September 13, JMI had not received a response or a copy of the procurement record from GIAA. On that day, Ilao called CLB and spoke with Perez regarding whether Menzies held a contractor's license. After reviewing the CLB's records, she verbally informed Ilao that Menzies did not have a contractor's license. Test. Ed Ilao; Test. Maria Perez.

7. Also on September 13, JMI sent a letter to the CLB Executive Director seeking contractor licensing information for Menzies. Ex. D.

8. On September 17, Perez emailed Ilao stating that Menzies was not licensed with CLB. Ex. F.

9. Also on September 17, GIAA responded to the Sunshine Act request. Ex. E. However, it omitted the offerors' proposals because of ongoing negotiations.

10. On September 21, JMI submitted a procurement protest. JMI's protest revealed the information learned from the CLB that Menzies did not hold a contractor's license. JMI protested that Menzies lacked the necessary licenses and was, therefore, a non-responsive bidder. JMI also protested the lack of a complete procurement record. Ex. G.

11. GIAA denied JMI's protest. GIAA determined that JMI filed an untimely protest and that Menzies was a responsive, qualified, and responsible offeror. GIAA's denial letter did not reference any position that it needed information from the CLB in order to decide on Menzies' status as a responsive or responsible bidder. Ex H.

12. JMI appealed to the OPA. However, the OPA dismissed the procurement appeal as a sanction for certain misconduct by JMI during contemporaneous proceedings it brought before the CLB concerning Menzies' licensing status. The OPA found that JMI had "jeopardize[d] the integrity of the procurement process." *In the Appeal of Johndel International, Inc. dba JMI-Edison*, OPA-PA-21-010 (Dec. and Order at 6 (Feb. 3, 2022)).

13. Following the OPA's dismissal, JMI commenced the present action and listed three claims:

    a. One - The OPA's dismissal of JMI's protest was arbitrary, capricious, clearly erroneous, or contrary to law;

b. Two - The OPA's failure to find that Menzies was a non-responsive and non-responsible bidder was arbitrary, capricious, clearly erroneous, or contrary to law;

c. Three - The OPA's failure to review and find that GIAA did not keep the procurement record in accordance with law was arbitrary, capricious, clearly erroneous, or contrary to law. Compl. (Feb. 10, 2022).

14. GIAA concedes that any finding by the CLB is not binding on this Court. Minute Entry at 11:48 (June 28, 2022).

## II. ANALYSIS

GIAA raises three bases for dismissal. First, GIAA argues that under Guam Rule of Civil Procedure 12(b)(1), the Court lacks subject matter jurisdiction over the case because JMI filed an untimely protest. Second, again under Rule 12(b)(1), the Court lacks subject matter jurisdiction because JMI's claims are neither ripe nor exhausted at the administrative level. Third, under Rule 12(b)(6), JMI has not stated a claim for relief regarding an incomplete procurement record. The Court now addresses each argument.

### A. Timeliness.

#### 1. This Court may review the timeliness issue even in the absence of an OPA ruling on the issue.

Before reviewing the merits of GIAA's timeliness argument, the Court first addresses JMI's contention that because the OPA did not make any determination on this issue, the Court should not examine it. Guam law does not require the OPA to rule on the merits of every claim; it may issue a decision in writing or "take other appropriate action on each appeal submitted." 5 GCA § 5702. In *DFS Guam, L.P. v. A.B. Won Pat Int'l Airport Auth.*, 2020 Guam 20 ¶ 54, the Guam Supreme Court interpreted this language to mean that a decision on the merits of a protest need not occur before jurisdiction may be vested in the Superior Court. "The reference to

'taking other appropriate action,' . . . strongly implies that a hearing on the merits is not required in all cases—particularly when necessary to 'promote the integrity of the procurement process." *Id.*

Here, the OPA dismissed JMI's entire appeal as a sanction and to preserve the integrity of the procurement process. The OPA also noted it was a "Final Administrative Decision." OPA-PA-21-010 (Dec. and Order at 7). This means that JMI exhausted its administrative remedies with the OPA on all claims, and in turn, this Court may review the underlying procurement.[1] The OPA did not need to render a particular decision on timeliness for this Court to review the same issue.

Additionally, this Court's subject matter jurisdiction hinges on a timely protest. The Guam Supreme Court holds that a party's failure to meet procurement law deadlines deprives the Superior Court of jurisdiction. *Teleguam Holdings, LLC v. Guam*, 2018 Guam 5 ¶¶ 20-21 (*Teleguam Holdings II*); *DFS Guam L.P.*, 2020 Guam 20 ¶¶ 77, 81. Procurement law statutes of limitations are absolute. *DFS Guam, L.P.*, 2020 Guam 20 ¶ 82. Because GIAA raises the potential lack of jurisdiction as a basis for dismissal under Rule 12(b)(1), the Court should satisfy itself as to the existence of its power to hear the case. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977) (cited in *Linsangan v. Government of Guam*, 2020 Guam 27 ¶ 38 n.6). The Court, therefore, proceeds to review the issue.

### 2. JMI filed its protest timely.

Procurement protests must be submitted within fourteen days after the aggrieved person knows or should know the facts giving rise to the protest. 5 GCA § 5425(a). A party becomes "aggrieved" at the point at which they become aware of a violation of one of the procurement law's substantive provisions or the terms of the request for proposals and therefore become

---

[1] Notably, JMI limits itself in this case to the appeal of not the merits of the underlying protest, but rather the OPA's conduct in dismissing the protest appeal prior to ruling on the merits.

entitled to a remedy. *Teleguam Holdings II*, 2018 Guam 5 ¶ 37; *DFS Guam L.P.*, 2020 Guam 20 ¶ 84. The focus is not on what is being protested but rather the knowledge of the facts supporting a protest. *DFS Guam L.P.*, 2020 Guam 20 ¶ 87. "Therefore a protest filed more than 14 days after the disappointed offeror or bidder had notice of the grounds for the protest is barred as untimely." *Id.* Protests filed after fourteen days shall not be considered. 2 GAR Div. 4 § 9101(c)(1).

In examining timeliness, a court must analyze what facts are necessary to establish a protest claim and when the protester knew or should have known of facts establishing the essential elements of that protest claim. *DFS Guam L.P.*, 2020 Guam 20 ¶ 88; 5 GCA § 5425(a). This inquiry is a mixed question of law and fact, for which the Court may examine outside evidence. *DFS Guam L.P.*, 2020 Guam 20 ¶ 88; *Osborn v. United States*, 918 F.2d 724, 728 n.4 (8th Cir. 1990) (cited in *Linsangan v. Government of Guam*, 2020 Guam 27 ¶ 38 n.6).

JMI believes that an offeror must be licensed with the CLB in order to be a responsible and responsive bidder. It found out about Menzies' unlicensed status on September 13, 2021, during a phone call between Ilao and Perez. Seven days later, it filed its protest with GIAA. This timeframe indicates that JMI acted timely.

GIAA claims that JMI had knowledge that Menzies won the procurement at the August 26 board meeting. However, JMI did not become "aggrieved" on this date even though it gained the knowledge it had lost the bid competition. As explained in *Teleguam Holdings II*, to be "aggrieved," a bidder must become aware of a violation of the procurement law. JMI did not have knowledge of Menzies' licensing status until receiving that information on September 13. Moreover, although GIAA claims that JMI should have known of Menzies' licensing status earlier based on a "publicly available list of contractors," the Court received no evidence of such a list or JMI's knowledge of it. *See* Reply at 4 (Apr. 12, 2022).

Based on the facts presented to this Court, the Court finds that only seven days passed between the time JMI knew of facts giving rise to the protest and its protest. JMI, therefore, filed a timely protest.

**B. Administrative Exhaustion and Ripeness.**

GIAA also seeks dismissal because of JMI's failure to exhaust administrative remedies before the CLB, thereby deeming the matter not ripe for review. Specifically, on the issue of exhaustion, GIAA states that "[t]his court lacks jurisdiction to hear JMI's speculative argument that a Contractor's License is required of the RFP's scope of services, as . . . JMI has not exhausted its administrative remedies." Memo. P. & A. in Support of Mot. Dismiss at 1 (Apr. 22, 2022). Administrative exhaustion requires that a statutory administrative remedy be exhausted before a court can act. *DFS Guam L.P.*, 2020 Guam 20 ¶ 61. However, "exhaustion is not required where the administrative agency lacks jurisdiction to make a judicial determination of the type involved." *Id.* ¶ 72.

The CLB is an administrative agency empowered to oversee contractor licensing and behavior and promulgate Rules and Regulations to execute this power. 21 GCA §§ 70102–70103, 70107. The CLB's enacting statute authorizes it to make licensing determinations, investigate compliance with its Rules and Regulations, and issue citations and cease work orders for violations of its Rules and Regulations. *Id.* §§ 70103, 70109–70110, 70115–70117. Their promulgated Rules and Regulations further focus on the specific details and processes associated with the licensing and categorization of contractors. *See, e.g.,* CLB R. & Regs. §§ 3.1–3.8, 7.1–7.4. Neither the enacting statute nor the promulgated Rules and Regulations provide the CLB with the ability to adjudicate disputes between parties because the CLB's power is limited to the regulation of individual contractors. *See generally* 21 GCA §§ 70100–70123; CLB R. & Regs. §§ 1.1–17.2.

Although GIAA has asserted that JMI must exhaust administrative remedies with CLB before any license-related issue can proceed, there are no administrative remedies to exhaust within the CLB as a precondition to the Court's review of this case. As explained above, the CLB may regulate individual contractor licensing and behavior. But it has not been empowered with the ability to settle a dispute between two parties regarding the necessity for a license in responding to a specific proposal. Although there may be an ongoing investigation with the CLB regarding Menzies' licensing, at the most, this investigation could result in disciplinary action against Menzies for violating CLB rules. This disciplinary action would not be able to provide relief for JMI beyond the extent necessary to make a determination regarding Menzies' compliance with their rules.

Further, GIAA has conceded that a decision by the CLB is not binding on this court. A pause allows the parties to review the CLB's determination, but it may have no impact on this case. Instead, in its discretion and in view of the lack of the CLB's action since JMI brought the matter to its attention a year ago, this Court determines that further delay for a non-binding determination is unnecessary. Moreover, notably, GIAA did not wait for a decision from the CLB or suggest that such was necessary at the agency protest level; as a result, GIAA's actions undermine its claim that it is appropriate to wait for the CLB to review the issue. Therefore, administrative exhaustion is unnecessary at the CLB level for this Court to review JMI's procurement-related claims.

Relatedly, GIAA claims that this matter is not ripe. In determining if an issue is ripe, the Court examines if it "is fit for judicial consideration;" the Court reviews the "hardship to the parties of withholding court consideration." *Kang v. Kang*, 2014 Guam 25 ¶ 29. An issue is not fit for judicial review when it involves contingent future events that may not occur as anticipated, or, may not occur at all. *Id.*

For the same reason the administrative doctrine of exhaustion of administrative remedies does not apply here, nor does ripeness as GIAA proffers. CLB's determination on Menzies' licensing status does not render the matter ripe for review. Instead, the matter ripened after being exhausted through the administrative procurement process. CLB may make a determination on Menzies' licensing status, but that determination is not binding on this Court or necessary for this matter to proceed.

### C. Stating a Claim for Relief.

In Claim Three of its Complaint, JMI alleges that the procurement record was incomplete, that GIAA violated the Sunshine Law in not timely producing the procurement record, and that the OPA failed in its duty to address the deficient record. GIAA moves to dismiss this claim under Rule 12(b)(6) on grounds that JMI failed to allege that these deficiencies were material to the procurement or the ranking of offerors. It also notes that because negotiations are still pending, portions of the procurement record are not public. In its opposition, JMI appears to clarify the point of this claim: "It is [the OPA's] dismissal, as opposed to a review of merits never reached by the OPA, that are on appeal before the Superior Court." Opp. at 9 (May 10, 2022). Based on this statement, the Court understands that JMI is not arguing for relief from this Court because the procurement record was incomplete, but rather because the OPA did not address its argument. In light of that clarification, the Court finds that Claim Three is sufficiently alleged.

## III.   CONCLUSION AND ORDER

The Court DENIES GIAA's Motion to Dismiss because JMI filed a timely protest, JMI is not barred by the doctrines of administrative exhaustion or ripeness, and JMI sufficiently alleged a claim regarding the OPA's review of an incomplete procurement record.

SO ORDERED this 22nd day of September 2022.

HON. ELYZE M. IRIARTE
Judge, Superior Court of Guam

Appearing Attorneys:

Joseph C. Razzano, Esq., and Joshua D. Walsh, Esq., Razzano Walsh & Torres, P.C., for Plaintiff Johndel International, Inc. dba JMI-Edison

Mitchell F. Thompson, Esq., Thompson Thompson & Alcantara, P.C., for Defendant Office of Public Accountability

Anita P. Arriola, Esq., and William B. Brennan, Esq., Arriola Law Firm, for Defendant Guam International Airport Authority

Richard L. Johnson, Esq., and R. Marsil Johnson, Esq., Blair Sterling Johnson & Martinez, for Defendant Aircraft Services International, Inc. dba Menzies Aviation